

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| TUTANKHAMUN BAKER, § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | |
| SC DOWDY LLC; RICHARD WORRELL § | Civil Action No. 3:21-01191-MGL |
| GENERAL AGENCY, LLC; and § | |
| NORTHWESTERN MUTUAL LIFE § | |
| INSURANCE COMPANY, § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION,
AND GRANTING DEFENDANTS' MOTION TO DISMISS ON THAT BASIS**

Plaintiff Tutankhamun Baker (Baker), proceeding pro se, filed this lawsuit against his former employers SC Dowdy LLC (Dowdy), Richard Worrell General Agency, LLC (RWGA), and Northwestern Mutual Life Insurance Company (Northwestern) (collectively, Defendants). Baker asserts claims for age and race discrimination and retaliation in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et. seq.*, and Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. § 2000e *et. seq.*, as well as state-law claims for breach of contract and promissory estoppel, negligent misrepresentation, and/or detrimental reliance. Baker also alleges a purported claim based on a violation of the Equal Employment Opportunity Act of 1972 (EEOA); however, the EEOA is an amendment to Title VII passed by Congress to ensure federal employees have sufficient protection against employment discrimination. *See, e.g., Pueschel v. United States*, 369 F.3d 345, 352 (4th Cir. 2004).

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion to compel arbitration be granted, and their motion to dismiss on that basis also be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 7, 2021, the Clerk of Court docketed Baker's objections to the Report on September 20, 2021, Defendants filed a reply on October 4, 2021, and the Clerk of Court docketed Baker's sur reply to Defendants' reply on October 15, 2021. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

This Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews the Report and Recommendation only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted).

Here, Baker has failed to present any specific objections to the Report. Instead, he generally makes the same arguments the Magistrate Judge has already considered and rejected. Inasmuch as the Court agrees with the Magistrate Judge's treatment of those issues, it need not repeat the discussion here. Consequently, because Baker neglects to make any specific objections, and the Court has found no clear error, it need not make a de novo review of the record before overruling Baker's objections and accepting the Magistrate Judge's recommendation.

Further, inasmuch as the Magistrate Judge warned Baker of the consequences of failing to file specific objections, Report at 16, he has waived appellate review. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

To the extent Baker has brought any new arguments in his objections, they are conclusory and so lacking in merit as not to require any discussion. Suffice it to say, all of Baker's claims against Defendants are subject to arbitration.

Lastly, the Clerk of Court, on January 18, 2022, docketed a motion from Baker asking "the [C]ourt to waive the fees [he has] accrued to the Pacer Service Center[.]" Mot. at 1. PACER is the acronym for Public Access to Court Electronic Records, the system used to view case dockets and documents that have been electronically filed. Baker, as a non-ECF litigant, receives a paper copy of every document filed by Defendants, and a paper copy of every order in this case. PACER is of no value to Baker in a case where he is a litigant. Baker, in his two-sentence motion, fails to show the Court why he needs free access to PACER. Accordingly, the Court will deny this motion.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Baker's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motion to compel arbitration is

**GRANTED**, and their motion to dismiss on this basis is also **GRANTED**.  Consequently, Baker's complaint is **DISMISSED WITHOUT PREJUDICE**.  Furthermore, Baker's motion asking "the [C]ourt to waive the fees [he has] accrued to the Pacer Service Center[,]" Mot. at 1, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 24th day of January 2022, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.